Dear Mr. Wheelis:
You have requested an opinion of the Attorney General in your capacity as legal advisor to the Alexandria Port Authority (Authority). You state that the Authority desires to lease certain facilities and property to a company. The proposed lease payment will be made "in kind" by the company with the construction of a badly needed road which will be ultimately owned and administered by the Authority.
You ask whether the proposed lease agreement calling for "in kind" consideration is permissible. You also ask whether the provisions of the Public Lease Law and the Public Bid Law must be followed in confecting the lease and/or the construction of the public works project.
Initially, it should be noted that the Authority constitutes a political subdivision of the state pursuant to Article VI, Sections 43 and 44(2) of the 1974 Louisiana Constitution and LSA-R.S. 34:335.2. See also Attorney General Opinion Nos. 87-31, 83-288, and 77-36.
Generally, the lease of public property and/or the letting of public contracts by political subdivisions are governed by the Public Lease and Contract Laws (LSA-R.S. 41:1211 et seq., and 38:2211, et seq., respectfully). However, these general legislative enactments must be read in pari materia with those legislative enactments relating to the Authority. Martin v. Louisiana Stadium and Exposition District, 349 So.2d 349 (La. Appeal 4th Circuit 1977) Rehearing Denied. LSA-R.S. 34:335.3
grants the Authority broad and sweeping powers to further the interests of the port. Section 335.3(D) and (F) provides as follows:
 "D. The board of commissioners may make and enter into contracts, leases, and other agreements with railroads, trucking companies, and barge lines and with any and all companies interested in the transportation, storage, and shipping of goods, and other products, whether by rail, truck line, barge line, or otherwise, for the use of facilities administered by the board or any part or portion thereof for a period of time not exceeding forty years. However, no exclusive franchise shall be granted to any carrier.
* * *
 F. The board of commissioners is authorized to make and construct any of the works of public improvements in the port and anything in connection therewith which may be necessary or useful for the business of the board, to purchase machinery or materials and equipment for performing the work and to supervise the making of the same or to make and construct the works through contracts with others, and generally to do all other acts necessary or proper to carry out the powers vested in it with regard to works of public improvement." (Emphasis added.)
As can be gleaned from the above, the statute does not address the issue of whether lease contracts can be privately negotiated or publicly bid. Rather, it appears to give the board of commissioners blanket authority to execute leases to public carriers and to construct public works through contracts with third parties.
The bid laws at issue were enacted to insure that public funds are spent judiciously and without unnecessary costs or favoritism. Thus, even when not required by law, the public bidding of lease and construction contracts is in the best interest of the state and its constituents. Exemptions therefrom should be carefully weighed.
Our courts have recognized exceptions to the applicability of the bid laws to public contracts. In Kliebert v. South Louisiana Port Commission, 182 So.2d 814 (La.App. 4th Cir. 1966) Writ Refused, the court, faced with the issue of whether the Public Lease Law must be followed held:
 "Plaintiff's final attack on the agreement between defendant and Bayside is based on an alleged violation of La. R.S. 41:1211, et seq., the Competitive Bidding Statute. He contends that the agreement is illegal and invalid because it was negotiated rather than being submitted for public bidding, and because a lease with its renewal options could be for forty years rather than the statutory maximum of ten years for the lease of public land. But the constitutional grant of authority to the commission is greater than the scope of the statute. The commission is expressly authorized to lease for periods up to forty years. In addition, the commission is empowered to construct and acquire structures useful for commerce in the area. It would be an unwarranted restriction on the operation of the commission to require it to submit an intricate agreement of the type proposed here to the rigors of the Competitive Bidding Statute. It must be concluded that the power granted to the commission necessarily carried with it the implied authority to negotiate contracts consistent with its purpose. To hold otherwise would subvert the constitutional mandate by applying inferior statutory law."
In JTS Realty Corporation, et al. v. City of Baton Rouge, et al., 499 So.2d 274 (La.App. 1st Cir. 1986) Rehearing Denied, the court held that an industrial inducement contract executed pursuant to LSA-R.S. 33:4717.2 was not subject to the Public Lease and/or Bid Laws. See also Adams Industries Inc. v. City of Monroe, et al., 385 So.2d 896 (La.App. 2nd Cir. 1980) Rehearing Denied.
In Hebert v. Police Jury of West Baton Rouge Parish200 So.2d 877 (La.App. 1st Cir. 1967) Writ Refused, the court held that an industrial inducement contract and the issuance of revenue bonds in connection therewith, pursuant to LSA-R.S.39:991, et seq., were not subject to the Public Lease and/or Bid Laws:
 "The Third point as to the alleged violation of the Public Lease Law (R.S. 41:1211 to 41:1221, inclusive) and the alleged violation of the Public Contract Law (R.S. 38:2211 to 38:2217, inclusive) are likewise without merit. Recent decisions of our courts have clearly held that the provisions of the Public Lease Law are not applicable to lease agreements entered into by public bodies pursuant to express constitutional or statutory provisions. Kliebert v. South Louisiana Port Commission [La.App.], 182 So.2d 814 (1966); Wright v. Lake Charles Harbor and Terminal Dist. [La.App.], 188 So.2d 449 (1966). See also LeBlanc v. Police Jury of the Parish of Rapides, supra. This court is well aware of the provisions of the Public Contract Law of this state but the express provisions of R.S. 39:991 clearly provide that the issuing authority may "issue revenue bonds and use the funds derived from the sale of such bonds to acquire industrial plant sites and to acquire, purchase, construct or improve industrial plant buildings and necessary property and appurtenances thereto . . . " The lease in the instant case complies literally with this language in that the Police Jury is obligated to acquire a complete plant facility, including land, buildings and appurtenances, and thereafter proposes to lease it to the Company to accomplish the purposes intended. The Public Contract Law cannot be applied to such a situation and in particular where in many instances complex industrial facilities must be constructed by manufacturers which own or have access to certain trade secrets, patents and other processes that are unavailable to general contractors. The criteria in the lease agreement establishing the purchase price for the facility fully protects the Police Jury as if public bidding were required."
Considering the above, it is our opinion that the provisions of the Public Lease and Bid Laws are not applicable to industrial inducement contracts entered into pursuant to LSA-R.S. 33:4717.2 and/or 39:991 et seq. In addition, under the JTS Realty Corporation case, cited supra, the Public Lease and Bid Laws do not govern contracts which are too complex to be the object of bidding. Obviously, this latter exemption is subjective in nature, and reliance thereon must be carefully placed. Any doubt of the complexity of the contracts should be resolved in favor of the lease and bid requirements. Thus, if the Authority's lease contract is not complex, or is not considered an industrial inducement endeavor, then, in that event, the Public Lease and Bid Laws must be followed. Attorney General Opinion Nos. 89-653, 88-166-A, and 83-288. We now focus on the issue of "in kind" lease payments.
A review of the statutory provisions governing the Authority's power to enter into leases reveals no authority for, nor prohibition against, "in kind" lease payments. However, Article VII, Section 14 of the 1974 Louisiana Constitution provides that neither the state nor its political subdivisions may loan, pledge, or donate assets to or for any person, association or corporation, public or private. This provision has been interpreted by this office and the courts to be violated whenever the state or a political subdivision seek to give up something of value when there is no legal obligation to do so. See City of Port Allen v. Louisiana Mun. Risk, 439 So.2d 399
(La. 1983).
Consequently, if the cost of the "in kind" road construction is disproportionately less than the fair market value of the lease of the facilities and property, a violation of Article VII, Section 14 occurs. The lease document should contain a provision granting the Authority the ability to review copies of all invoices and other evidences of the cost of the road construction to insure that said costs approximate the fair market value of the lease.
In the event the proposed lease does not fall within the transactions exempt from the Public Bid Law, as discussed supra, (i.e., if it is not an industrial inducement contract or too complex to be the object of bidding), we are of the opinion that the provisions of LSA-R.S. 38:2211, et seq., must be adhered to regardless of whether the construction is undertaken by the Authority or the company.
The fact that the construction contract is executed by the company does not negate the fact that the road is being constructed on behalf of the Authority. As earlier discussed, the Authority is a political subdivision subject to the bid laws. The Authority cannot do indirectly what is directly prohibited by statute. Attorney General Opinion Nos. 81-1266 and 77-1215.
Trusting this opinion adequately responds to your inquiries, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0103R